# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

    v.                        Case No. 8:16-CR-196-T-35MAP

**MIGUEL A. RODRIGUEZ-CHASIN**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR SENTENCING DOWNWARD VARIANCE TO THE MINIMUM MANDATORY SENTENCE

COMES NOW, the Defendant, MIGUEL A. RODRIGUEZ-CHASIN, by and through undersigned counsel and pursuant to U.S.S.G. § 3B1.2 and 18 U. S. C § 3553(a), hereby files this sentencing memorandum in support of a downward sentencing variance and moves this Honorable Court to sentence him to 120 months followed by a term of 5-years of supervised release, which is a sentence that is no higher than necessary to accomplish the statutory goals of sentencing. As grounds in support of Mr. Rodriguez-Chasin states as follows:

    1.    Citing from the United States Probation Pre-Sentence Report (hereinafter "PSR") Doc.73. Mr. Rodriguez-Chasin does not contest any of the factual findings outlined in the PSR or the said guideline calculation computation. PSR ¶¶ 9-12, 15, 17-27, 55-56.

2. These guideline calculations call for a range of imprisonment of 168-210 months, with a minimum mandatory sentence of at least 120 months, followed by supervised release of five years. *Id.* Again, Mr. Rodriguez-Chasin does not object or seek to contest any of these matters.

3. Mr. Rodriguez-Chasin based upon the following requests a downward variance to the statutory mandatory minimum of 120 months/10 years.

### MOTION FOR DOWNWARD VARIANCE PURSUANT TO U.S.S.G § 3B1.2 AND 18 U. S. C. § 3553(a)(1-7) FACTORS

Mr. Rodriguez-Chasin as outlined in the PSR¶¶ 35&37 under the section "C" offender characteristics describes his life in his home country of Ecuador as an extremely difficult and impoverished life for has long as he can remember. Losing is father at age eight, never being able to attend and receive any formal schooling or education and having to work since childhood to earn the slightest bit of money. *Id*.

Like many, if not all of these types of cases that are prosecuted in the United States, the impoverished individuals who commit them commit them solely for financial purposes. Mr. Rodriguez-Chasin stated in PSR¶15 that this offense was committed to solely to provide for his children. Mr. Rodriguez-Chasin, who has

worked his whole life, mostly as a fisherman, always has had minimal and meager earnings despite his years of hard work. PSR¶52.

Thusly, when the opportunity to make a significant amount of money in a short period of time presented itself, Mr. Rodriguez-Chasin, not unlike most in this situation when tempted, could not resist. Again, this does not lessen the wrongful conduct committed by Mr. Rodriguez-Chasin and other individuals like him, however does give some insight as to why they are committed. Furthermore, Mr. Rodriguez-Chasin would argue that this is a non-violent offense in nature, although it cannot be disputed the severity of transporting the large amount of cocaine, which would support a significant term of incarceration. Next factoring in that Mr. Rodriguez-Chasin, as of sentencing, will be 44 years of age, with no prior criminal history in his home country. Also having worked all of his life at different arduous and very minimal paying jobs, his request for a sentence downward variance to the statutory minimum mandatory to 120 months is not unreasonable request.

Moreover, Mr. Rodriguez-Chasin also asks this Honorable Court to consider the provisions outlined from U.S.S.G. § 3B.1.2, concerning mitigating roles. Although the argument that Mr. Rodriguez-Chasin is not per se a minor participant on the boat smuggling these illegal drugs, an overall view as to his role in this

drug venture can be considered.   Mr. Rodriguez-Chasin and the men like him are individuals, who at the order of the parties that hire them, do one thing, transport these drugs from one place to another. It is highly unlikely that Mr. Rodriguez-Chasin, like the other men involved in this portion of the drug smuggling, have any further role with this significant drug distribution enterprise.  And again most of the men are payed insignificantly, as to what their superiors who hire them are payed, from with the immense amount of drugs being smuggled.   Even Mr. Rodriguez-Chasin slightly elevated role on the boat, the so called master, still is miniscule in the overall aspects of this criminal smuggling venture.

Thus, factoring all of these elements Mr. Rodriguez-Chasin would again seek from this Honorable Court a reduction from his current guidelines 135-168 months to the statutory minimum mandatory of 120 months.

Finally, Mr. Rodriguez-Chasin is well aware of the serious nature of this offense and realizes he must be punished.   Again the sentence requested at 120 months, followed by a term of supervised release of 5 years would provide a "just punishment" for this offense, and would still "reflect the seriousness of the offense", and "promote respect for the law".   Again taking into account all the points presented by Mr. Rodriguez-Chasin, this would hopefully warrant the

consideration from this Honorable Court to grant the requested downward sentencing departure.

**WHEREFORE,** MIGUEL A. RODRIGUEZ-CHASIN, respectfully petitions this Honorable Court to grant a downward variance in his sentence from the current guideline range to the statutory minimum mandatory of 120 months.

Respectfully submitted,

DONNA L. ELM
FEDERAL PUBLIC DEFENDER

s/ *Howard C. Anderson*
Howard C. Anderson
Florida Bar No. 0130176
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: 813-228-2715
Facsimile: 813-228-2562
Email: Howard_Anderson@fd.org
Attorney *for* Mr. Rodriguez-Chasin

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with Clerk of Court for the Middle District of Florida and was hand delivered to Mr. Daniel Baeza, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 this 21st day of November 2016.

                                                 *s/Howard C. Anderson*
                                                 Howard Anderson
                                                 Assistant Federal Defender